**CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, et al., Plaintiffs–Appellants,**

v.

**Fern SLOTKY, Defendant–Appellee.**

No. 92–3156.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1993.

Decided Nov. 17, 1993.

Joseph M. Burns, David S. Allen (argued), Jacobs, Burns, Sugarman & Orlove, Chicago, IL, for plaintiffs-appellants.

Francis X. Grossi, Jr. (argued), Andrew M. Varga, Howard M. Richard, Katten, Muchin & Zavis, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Burton Slotky operated a business (Stevens Bedding Warehouse, Inc.) that withdrew from a multi-employer pension plan. We held that he is responsible for his firm's withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980 because he leased two parcels of property to Stevens Bedding, and these leases—by Burton as sole proprietor of the properties to a corporation of which he was the sole shareholder—made him part of a group under "common control" for purposes of 29 U.S.C. § 1301(b)(1). *Central States Pension Fund v. Slotky,* 956 F.2d 1369 (7th Cir.1992). This case poses the question whether Burton's wife Fern Slotky is similarly obligated. The district court held not.

The argument that she is liable depends on a rule of taxation, 26 C.F.R. § 1.414(c)–4(b)(5), made applicable to pension cases by regulations of the Pension Benefit Guarantee Corporation, 29 C.F.R. § 2612.2. Tax law deems each spouse an "owner" of the other's property under specified circumstances. According to the pension fund, these regulations deem Fern Slotky an owner of Burton Slotky's leasing business. This, the fund submits, makes Fern a proprietor (more accurately, a partner), which leads to unlimited personal liability. *Central States Pension Fund v. Johnson,* 991 F.2d 387 (7th Cir. 1993), rejects the final step of this argument. *Johnson* holds that a spouse may own property used in a business without becoming a proprietor or partner in that business, and that the spouse therefore becomes liable for a control group's withdrawal liability "only when [both spouses] intended to be partners in that enterprise." *Id.* at 388. A footnote in *Central States Pension Fund v. Ditello,* 974 F.2d 887, 891 n. 1 (7th Cir.1992), appears to stand for a contrary proposition, but *Johnson* properly treated this observation as dictum. It did not affect the liability of the parties to the case, see 991 F.2d at 390 n. 4, and the panel in *Ditello* did not separate the question of ownership from the issue of partnership.

Plaintiffs insist that *Johnson* was wrongly decided, but we see no need to revisit the subject. Ownership without partnership is a common device. The lessor of office space to a law firm does not become a partner in the firm and assume responsibility for its debts. The pension fund evidently believes that the IRS regulations deem a spouse an "owner" not of the property but of the "proprietorship," a concept that is hard to grasp. No one "owns" a proprietorship or partnership; it is just a name for a business carried on by natural persons without the shield of limited liability. People may own assets used in a partnership without being partners; people may be partners without owning any of the association's assets. *Johnson* understands the tax regulations as making the spouse an owner of particular assets; whether the owner of assets used in a business is liable as a partner depends, we held in *Johnson,* on the intent of the parties involved. Plaintiffs have

not offered to prove that Burton and Fern Slotky intended to form a partnership or operated the leasing business as partners. Accordingly, the district judge properly held that Fern Slotky is not liable for the debts of the "group" her husband formed and controlled.

This is no more a "loophole" in the MPPAA than is the fact that Burton could have incorporated his leasing business, which (if corporate forms were observed) would have insulated Fern's assets from the pension fund's grasp. The MPPAA does not contain any rules for spousal liability. These depend on federal common law, and *Johnson* concluded that federal law does not equate the ownership of assets with partnership.

AFFIRMED.